UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================

ATLANTIC STATE DEVELOPMENT CORP.,

                    Plaintiff,                         Civ. Action No.:
                                                        1:21-cv-09670-DLC

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

                    Defendant.

==================================

## MEMORANDUM OF LAW IN SUPPORT OF
## ATLANTIC STATE DEVELOPMENT CORP.'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Atlantic State Development Corp. ("Atlantic") commenced this action for judgment declaring that defendant Travelers Casualty Insurance Company of America ("Travelers") must indemnify Atlantic in an underlying state court bodily injury action captioned Uzzilia v. Jo-Tone Carpet, Inc., _et al._ (New York Sup. Ct. Bronx Co., Index No. 23858/2016E) as an additional insured under a commercial general liability policy issued to GrayFox Flooring LLC ("GrayFox"). As set forth below, Travelers' continuing refusal to acknowledge that obligation is groundless under New York law. Atlantic therefore now makes this motion for summary judgment.

## FACTS

**1.      The Underlying Project and Accident**

The underlying Uzzilia action arises out of an alleged accident in the course of a project to "build out" a Blink Fitness facility at 833 Flatbush Avenue in Brooklyn. The building was originally leased by 833 Flatbush LLC to Blink 833 Flatbush Inc. d/b/a Blink Fitness ("Blink Fitness"). Prior to the underlying accident, the building was purchased by EIB Flatbush LLC, which entity took over the lease. Pursuant to a contract dated April 17, 2013, Blink Fitness retained Atlantic to be the general contractor for the project. See Boyce Aff. Ex. 1.[1] Atlantic subcontracted with GrayFox for the supply and installation of the flooring for the project. The contract documents include a signed proposal from GrayFox to Atlantic, and an accompanying purchase order from Atlantic to GrayFox. See Boyce Aff. Ex. 2; Ex. 3. As relevant to this action, the scope of GrayFox's work included the supply and installation of luxury vinyl tile. See Boyce Aff. Ex. 2. As relevant to this action, the purchase order required GrayFox to procure commercial general

---

[1]      All references to the "Boyce Aff." are to the October 19, 2022 Affidavit of Christopher Boyce in Support of Atlantic State Development Corp.'s Motion for Summary Judgment, and the exhibits thereto.

liability insurance with Atlantic as an additional insured on a primary and non-contributory basis.

See Boyce Aff. Ex. 3.

The underlying accident occurred on July 12, 2013. Underlying plaintiff Nicholas Uzzilia ("Uzzilia") was at the Flatbush project site in the course of his employment as Atlantic's supervisor. As summarized by the court in the Uzzilia action:

> Plaintiff was allegedly injured when he was struck by boxes of falling vinyl tiles as he supervised a delivery for the Flatbush Avenue, Blink gym. The delivery of the tiles was a tailgate delivery and the box truck had a hydraulic lift. The tiles sat on top of a wooden pallet without any shrink wrap or banding around the tiles. According to Plaintiff, as the driver attempted to get the pallet jack under the tiles and out the back door, the metal lip on the bumper of the truck interfered. The driver then gives a running push to the pallet jack over the bump and onto the tailgate when resultantly, the top layer of tiles fell on the Plaintiff. It is unknown who the driver's employer was.

Boyce Aff. Ex. 4. See also Boyce Aff. Ex. 5; Ex. 6.[2]

## 2.    GrayFox's Scope of Work in Connection with the Accident

The underlying action involves, *inter alia*, a dispute regarding which defendants/third-party defendants were involved in the delivery of the tiles involved in the accident. However, that issue is immaterial to this action. The material fact for purposes of this action is that the tiles were for GrayFox's scope of work, and were in fact installed by GrayFox (inclusive of its sub-subcontractors). As set forth immediately below, this fact is indisputable.

GrayFox was deposed in the underlying action on March 25, 2019 by its witness Bruce Larsen ("Larsen"). See Boyce Aff. Ex. 7. Larsen testified that GrayFox's work for the Flatbush Blink Fitness project included the supply and installation of flooring in the entryway and second floor of the two-story building. Id. at 15. GrayFox worked on the project from approximately

---

[2]    Uzzilia's complete May 3, 2018 and September 26, 2018 deposition transcripts are attached for the record. Uzzilia's principal testimony regarding the facts of the accident is found at pages 74-111 of the first deposition, and pages 65-69 and 108-117 of the second deposition.

mid-June 2013 to mid-September 2013.  Id. at 16.  Larsen acknowledged GrayFox's March 19, 2013 proposal to Atlantic that he signed on behalf of GrayFox.  He also acknowledged Atlantic's subsequent purchase order to GrayFox.  Id. at 19-24; Boyce Aff. Ex. 2; Ex. 3.

Consistent with those documents, Larsen acknowledged that GrayFox's work included the supply and installation of luxury vinyl tile.  Id. at 24.  The luxury vinyl tile was to be installed in two colors, aluminum and electric blue.  Id. at 26.  The luxury vinyl tile consisted of two sizes, 18 x 18 inch tiles and 9 x 18 inch tiles.  Id.  The tiles were purchased by GrayFox from the manufacturer, Mannington Mills, Inc. ("Mannington").  Id. at 63-64; Boyce Aff. Ex. 8 (pages 1 and 2): Ex. 9 (pages 4, 7, 8).

GrayFox used three sub-subcontractors for the work – JoTone Carpet Inc. ("Jo-Tone"), Exchange Floors LLC ("Exchange"), and Emerald Carpet ("Emerald").  Id. at 28-29.  JoTone was hired to receive, deliver, and install the luxury vinyl tile (approximately 90 boxes).  Id. at 31, 57. Exchange and Emerald provided additional labor.  Id. at 31-33.

Larsen testified regarding Blink Fitness's request that the luxury vinyl tiles that were purchased by GrayFox from Mannington for the Flatbush product be diverted to a separate build-out for a Blink Fitness in White Plains.  Blink Fitness made the request due to exigencies with the White Plains project.  The tiles for the Flatbush project could be re-ordered and installed later. GrayFox agreed to the request, and arranged for Jo-Tone to deliver the tiles to White Plains from Jo-Tone's warehouse.  Id. at 34-35, 41-43.  Jo-Tone invoiced GrayFox for the re-routed delivery of the tiles to White Plains and the cancellation of the scheduled labor at Flatbush.  Id. at 44-45; Boyce Aff. Ex. 10.  GrayFox, in turn, invoiced Atlantic for those charges.  See Boyce Aff. Ex. 7 at 45; Ex. 11.  GrayFox also issued a change order to Atlantic.  See Boyce Aff. 7 at 46; Ex. 12.

GrayFox's invoice included a markup from the Jo-Tone invoice to GrayFox.  See Boyce Aff. Ex. 7 at 50-52.

Larsen testified that GrayFox did not order the replacement tiles for the Flatbush project after the tiles originally ordered for the project were diverted to White Plains.  Id. at 36.  He also did not schedule delivery of the replacement tiles to Flatbush.  Id. at 52.  He also does not know when the replacement tiles were delivered to Flatbush or who delivered them.  Id. at 56.

However, there is no dispute that the replacement tiles that were delivered to Flatbush were installed by GrayFox (inclusive of its sub-subcontractors).  Id. at 65-69, 73-74, 87-88.  The associated documents include GrayFox's purchase order/labor ticker to JoTone (see Boyce Aff. Ex. 9 at page 19), JoTone's invoice to GrayFox (id. at 14), Emerald's invoice to GrayFox (id. at page 15), and Exchange's invoices to GrayFox (id. at pages 17 and 18).

### 3.      The Underlying Action

The Uzzilia action was originally filed on June 7, 2016, with GrayFox being named as one of several defendants.  The operative amended complaint in Uzzilia was filed on July 8, 2016.  See Boyce Aff. Ex. 13.  The underlying amended complaint refers to Atlantic as the "employer."  Id. at ¶ 16.  The underlying amended complaint alleges, in part:

> Prior to July 12, 2013, EMPLOYER sub-contracted with defendant GRAY FOX FLOORING LLC to perform construction work at the CONSTRUCTION SITE.

Id. at ¶ 27.

The underlying amended complaint also alleges that GrayFox "managed," "operated," "maintained," and "controlled" the construction site.  Id. at ¶¶ 36, 44, 52.  The complaint also alleges that GrayFox "supervised the sub-contractors and their workers who were working at" the site.  Id. at ¶ 72.  The complaint further alleges:

83.     On July 12, 2013, plaintiff NICHOLAS UZZILIA was employed by EMPLOYER, to perform construction work on the CONSTRUCTION SITE.

84.     On July 12, 2013, the plaintiff, NICHOLAS UZZILIA, was performing construction, demolition, alteration and/or repair work at the aforesaid CONSTRUCTION SITE.

*   *   *

91.     Defendant, GRAY FOX FLOORING LLC, had a duty to maintain, inspect and assure that the loads of tiles being delivered and used in construction were reasonably secured and safe for delivery, hoisting and transporting.

*   *   *

94.     On July 12, 2013, the plaintiff, NICHOLAS UZZILIA, was working at the CONSTRUCTION SITE when a load of tiles fell from an secured safety device and struck his body, causing the plaintiff, NICHOLAS UZZILIA, to sustain serious personal injuries.

Id.

On December 23, 2020, Blink Fitness impleaded Atlantic in Uzzilia by way of a third-party complaint.  The third-party complaint asserts, *inter alia*, a cause of action for indemnification pursuant to the Blink Fitness-Atlantic contract.  See Boyce Aff. Ex. 14.[3]

**4.     Travelers' Refusal to Acknowledge Its Duty to Indemnify Atlantic**

The insurance policy at issue is a policy issued by Travelers to GrayFox that includes commercial general liability coverage in effect on the date of the underlying accident.  See Boyce Aff. Ex. 15.[4]  The policy's CGL coverage is subject to a $1 million per-occurrence limit.  The

---

[3]     The defendants and third-party defendants in Uzzilia (aside from the building owner, Blink Fitness, Atlantic, and GrayFox) are GrayFox's sub-subcontractors and alleged suppliers and deliverers of the tiles at issue.  The claims and defenses with respect to those other defendants are immaterial to this action.  As set forth below, additional insured coverage under the Travelers policy at issue is determined solely by the scope of GrayFox's work for Atlantic, including materials.

[4]     In discovery, Travelers produced a certified copy of the policy at issue.  However, the document includes policy forms for several years of renewals, as well as coverages irrelevant to this action.  The document is nearly 400 pages and over 100 megabytes in PDF format.  For purposes of this action, Atlantic attaches as Exhibit 15 the relevant

specific part of the policy at issue in this action is the endorsement titled "Blanket Additional Insured – Owners, Lessees or Contractors," which states, in relevant part:

> WHO IS AN INSURED (SECTION II) is amended to include as an insured any person or organization (called hereafter "additional insured") whom you have agreed in a written contract, executed prior to loss, to name as additional insured, but only with respect to liability arising out of "your work" or your ongoing operations for that additional insured performed by you or for you.

Boyce Aff. Ex. 16.

On March 18, 2021, Mt. Hawley Insurance Company ("Mt. Hawley"), on behalf of Atlantic, issued a letter to GrayFox (and copying Travelers) demanding, in relevant part, that Travelers defend and indemnify Atlantic in Uzzilia as an additional insured under the policy issued to GrayFox. See Boyce Aff. Ex. 17.[5]

On March 31, 2021, Travelers issued a letter in response refusing to defend or indemnify Atlantic in Uzzilia. See Boyce Aff. Ex. 18. The letter sets forth the blanket additional insured endorsement set forth above. The letter states:

> ASDC does not qualify as an additional insured pursuant to CG D1 05 04 94, since the evidence presented in discovery shows that this did not arise out of Gray Fox Flooring, LLC's work or any ongoing operations performed by Gray Fox Flooring, LLC.
>
> \*   \*   \*
>
> As alleged in your tender letter, ASDC entered into a purchase order with Gray Fox. However, it is clear from the evidence and is not in dispute that the tile delivery pursuant to the purchase order was rerouted to a Blink Gym location in White Plains. Plaintiff was later injured when the replacement tiles were being delivered.
>
> \*   \*   \*

---

provisions of the policy. As Exhibit 16, Atlantic attaches a separate reference copy of the endorsement at issue. See Boyce Aff. Ex. 16.

[5]   As further set forth in the Boyce Affidavit, Mt. Hawley issued a CGL policy to Atlantic as named insured in effect on the date of the accident alleged in Uzzilia.

> We refer you to the deposition testimony and affidavit of Bruce Larsen. Mr. Larsen has testified and affirmed that Gray Fox had nothing to do with the replacement tile delivery that were involved in Plaintiff's incident. Gray Fox did not order, manage, supervise, perform or control the tile delivery involved in Plaintiff's alleged incident.
>
> *   *   *
>
> Based on the above we have determined Travelers have no duty to defend and/or obligation to indemnify ASDC in this matter pursuant to said Agreement as it is our position that there is no indication that our insured, Gray Fox Flooring, LLC, was in any way at fault or holds any negligence for this alleged incident and injury. There is no determination of active negligence on our insured and the underlying investigation does not show that the full liability for this incident will be borne by our insured. There is no evidentiary basis, at this point, to assume the Defense and Indemnification of any tendering party based upon an analysis of ultimate liability. Therefore, we deny your request for defense and indemnification based on your contractual claim.

Id.

On April 28, 2021, Travelers issued a letter partially amending its refusal to defend and indemnify Atlantic in Uzzilia as an additional insured. See Boyce Aff. Ex. 19. Travelers agreed to defend Atlantic, but maintained its refusal to indemnify Atlantic. The letter states:

> This letter serves to acknowledge our further review of your tender letter dated March 18,2021 in reference to the above captioned matter. After analyzing the allegations pled against Atlantic State Development Corp ("ASDC") and in further review of the Additional Insured endorsement contained within Travelers Casualty Insurance Company of America ("Travelers") policy, we will agree to defend ASDC in this action as an additional insured subject to a full reservation of rights and partial disclaimer. For the reasons set forth below, Travelers will provide ASDC with this defense subject to the terms and conditions of the policy and reservation of rights and partial disclaimer, which is explained below.

Id.

The letter again sets forth the blanket additional insured endorsement in the Travelers policy. The letter then states:

> Based upon a review of the insurance requirements outlined in the contract agreement between Gray Fox Flooring, LLC and Atlantic State we have determined that ASDC does qualify as an additional insured pursuant to the above endorsement. Please note the additional insurance coverage

> provided applies only with respect to liability arising out of Gray Fox Flooring, LLC's acts or omissions and does not provide coverage for any independent acts or omissions on the part of ASDC.
>
> *   *   *
>
> Based on the foregoing, Travelers acknowledges that ASDC qualifies as an additional insured but only with respect to liability arising out of Gray Fox Flooring, LLC['s] acts or omissions.

Id.

As set forth below, the letter does not accurately or correctly apply the terms of the additional insured endorsement, and the paragraphs above materially mischaracterize the language and effect of the endorsement.

## 5.    Status of the Underlying Action as Relevant to This Action

On June 9, 2020, the <u>Uzzilia</u> court issued a Decision and Order denying GrayFox's motion for summary judgment dismissing all claims and cross-claims against it.  See Boyce Aff. Ex. 4.  In the decision, the court summarized the facts of the underlying accident:

> Plaintiff was allegedly injured when he was struck by boxes of falling vinyl tiles as he supervised a delivery for the Flatbush Avenue, Blink gym. The delivery of the tiles was a tailgate delivery and the box truck had a hydraulic lift.  The tiles sat on top of a wooden pallet without any shrink wrap or banding around the tiles.  According to Plaintiff, as the driver attempted to get the pallet jack under the tiles and out the back door, the metal lip on the bumper of the truck interfered.  The driver then gives a running push to the pallet jack over the bump and onto the tailgate when resultantly, the top layer of tiles fell on the Plaintiff.  It is unknown who the driver's employer was.

Id.

The decision also acknowledges GrayFox's contention that it was not involved with delivery of the replacement tiles at issue to the Flatbush site:

> Gray Fox contends that the original delivery that should have gone to Flatbush ended up going to the White Plains Blink gym and that they do not know who ultimately delivered the tiles that fell on Plaintiff at the Flatbush location as it did not reschedule said delivery and therefore should not be held liable.

<u>Id.</u>

However, the court denied GrayFox's motion for summary judgment:

> Here, Gray Fox was contracted to handle the overall flooring for Blink for what this court knows to be at least two project sites, Flatbush and White Plains. Plaintiff testified that Gray Fox was the only contractor noted in his logbook responsible for flooring and that he was told by Bruce Larsen of Gray Fox to expect a delivery of tiles. However, Plaintiff also testified that he did not know who ordered and delivered the tiles that ultimately injured him. Despite Plaintiff's testimony, Gray Fox proffered evidence that they re-routed the tiles to White Plains and proffered the affidavit of Mr. Larsen, Gray Fox's Director, attesting to the fact that it did not re-schedule the tiles that ultimately injured Plaintiff. As such, this court finds that triable issues of fact exist as to Gray Fox's liability under Labor Law §240(1).

<u>Id.</u>

For similar reasons, the court also denied GrayFox's motion as directed to Uzzilia's other Labor Law claims (sections 241(6) and 200):

> Here, it is undisputed that Gray Fox was contracted to handle the overall flooring for Blink for a minimum of two locations, Flatbush and White Plains. Although Plaintiff testified that Gray Fox was the only flooring contractor noted in his logbook, he could not identify who delivered the tiles on the day of his accident. Plaintiff testified that he merely looked at the delivery slip handed to him by the driver to see what items were being delivered but did not retain a copy of the slip. Furthermore, he testified that he did not know who ordered the tiles that ultimately injured him. Gray Fox proffered evidence that they re-routed tiles to White Plains and proffered the affidavit of Mr. Larsen, Gray Fox's Director, attesting to the fact that it did not re-schedule the tiles. As such, this court finds triable issues of fact exist as to whether or not Gray Fox was a statutory agent to be held liable under Labor Law §241(6). Furthermore this court finds that there are triable issues of fact as to whether Gray Fox had any authority to control the activity which brought upon Plaintiff's injury and whether or not they created the condition or had actual or constructive notice of it.

<u>Id.</u> (citation omitted).

As set forth below, these issues of fact in the underlying action are immaterial to Atlantic's claim for additional insured coverage under the Travelers policy issued to GrayFox. As also established below, although the <u>Uzzilia</u> action remains pending, the final disposition of that action

(including the pending claims against GrayFox) can have no effect on Atlantic's entitlement to additional insured coverage as a matter of law.

6.    **This Action**

In light of Travelers' continuing refusal to acknowledge its duty to indemnify Atlantic as an additional insured in connection with <u>Uzzilia</u>, Atlantic commenced an action in New York Supreme Court for declaratory judgment.   <u>See</u> Boyce Aff. Ex. 20.   On November 22, 2021, Travelers removed the action to this Court.   <u>See</u> Doc. 1.   Travelers thereafter filed its answer. <u>See</u> Doc. No. 5.   On September 2, 2022, the parties submitted a joint letter to the Court confirming discovery is complete.   <u>See</u> Doc. No. 17.   Over Travelers' objection, Atlantic also sought leave to file a motion for summary judgment, which was granted.   <u>See</u> Doc. No. 17, 18.

As established below, Atlantic is entitled to judgment declaring Travelers has a duty to indemnify Atlantic in <u>Uzzilia</u> as a matter of law.   Travelers' stated basis for refusing to acknowledge that obligation is untenable under New York law.

## <u>ARGUMENT</u>

Travelers' refusal to indemnify Atlantic as an additional insured pursuant to the "Blanket Additional Insured – Owners, Lessees or Contractors" endorsement is unsupportable under New York law in two fundamental respects.   First, Travelers incorrectly interprets its endorsement as if it requires a finding that GrayFox was negligent.   Second, Travelers incorrectly stakes its position on the fact that GrayFox was not on the project site at the time of the underlying accident.   Atlantic addresses these two legal errors in turn.

1.    **Travelers Is Treating Its "Arising Out Of" Endorsement as a Negligence-Based Endorsement**

As set forth above, the operative language of the Travelers additional insured endorsement (meaning the language that sets forth the scope of coverage) is that part of the endorsement that

refers to "liability arising out of 'your work' or your ongoing operations."  It is well established under New York law (and well understood in insurance "circles" in New York) that such endorsements provide the broadest form of additional insured coverage, and are triggered by simple nexus to the named insured's work rather than by considerations of proximate cause, negligence, or fault.  The New York Court of Appeals has expressly addressed the scope of coverage under additional insured endorsements such as the Travelers endorsement at issue. See Regal Construction Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA, 15 N.Y.3d 34 (2010).  That Court made clear that the scope of coverage is broad:

> We have interpreted the phrase "arising out of" in an additional insured clause to mean "originating from, incident to, or having connection with." It requires only that there be some causal relationship between the injury and the risk for which coverage is provided.

Id.

This Court has acknowledged the breadth of additional insured coverage under endorsements using the operative term "arising out of:"

> In the insurance context, courts in New York have deemed the words "arising out of" to be "broad, general, comprehensive terms ordinarily understood to mean originating from, incident to, or having connection with" the subject of the exclusion.

Liberty Mutual Fire Ins. Co. v. E.E. Cruz & Co., Inc., 475 F. Supp. 2d 400 (S.D.N.Y. 2007) (citation omitted).

"Arising out of" endorsements are to be contrasted with narrower additional insured endorsements, most prominently those that use the operative term "caused by" rather than "arising out of."  The New York Court of Appeals definitively addressed the difference between the two types of endorsements in Burlington Ins. Co. v. New York City Transit Authority, 29 N.Y.3d 313 (2017).  In Burlington, that court rejected the proposition that "caused by" and "arising out of" mean the same thing in additional insured endorsements.  The Court of Appeals held that the term

"caused by" is narrower than "arising out of," and that the duty to indemnify an additional insured

under the former type of endorsement requires proof that the named insured was negligent:

> We similarly reject defendants' invitation to adopt the First Department's conclusion, based on its prior decisions, that the phrase "'caused by' 'does not materially differ from the ... phrase, "arising out of"'" and results in coverage even in the absence of the insured's negligence (*Burlington Ins. Co. v. NYC Tr. Auth.*, 132 A.D.3d at 135, 14 N.Y.S.3d 377, citing *W & W Glass Sys., Inc. v. Admiral Ins. Co.*, 91 A.D.3d 530, 937 N.Y.S.2d 28 [1st Dept.2012]; *National Union Fire Ins. Co. of Pittsburgh, PA v. Greenwich Ins. Co.*, 103 A.D.3d 473, 962 N.Y.S.2d 9 [1st Dept.2013] ). Since the parties did not use the phrase "arising out of," the First Department's analogy is inapt. All that matters is the language adopted by the parties to the insurance policy at issue in this appeal. For the reasons we have explained, "caused, in whole or in part," as used in the endorsement, requires the insured to be the proximate cause of the injury giving rise to liability, not merely the "but for" cause. Furthermore, "arising out of" is not the functional equivalent of "proximately caused by" (*see Maroney v. New York Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472, 805 N.Y.S.2d 533, 839 N.E.2d 886 [2005], citing *Aetna Cas. & Sur. Co. v. Liberty Mut. Ins. Co.*, 91 A.D.2d 317, 320–321, 459 N.Y.S.2d 158 [4th Dept.1983] [reasoning that the phrase "arising out of" is "ordinarily understood to mean originating from, incident to, or having connection with"]; *see also Worth Constr. Co., Inc. v. Admiral Ins. Co.*, 10 N.Y.3d 411, 415, 859 N.Y.S.2d 101, 888 N.E.2d 1043 [2008], quoting *Maroney*, 5 N.Y.3d at 472, 805 N.Y.S.2d 533, 839 N.E.2d 886; *Regal Constr. Corp. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 38, 904 N.Y.S.2d 338, 930 N.E.2d 259 [2010], quoting *Maroney*, 5 N.Y.3d at 472, 805 N.Y.S.2d 533, 839 N.E.2d 886).

Id. at 323-324.

Here, Travelers' refusal to indemnify Atlantic as an additional insured is expressly and

incorrectly premised on Travelers' position that GrayFox did not proximately cause the underlying

accident.  Travelers letter advising of its agreement to defend GrayFox but its refusal to indemnify

Atlantic states, in material part:

> Please note the additional insurance coverage provided applies only with respect to liability arising out of Gray Fox Flooring, LLC's acts or omissions and does not provide coverage for any independent acts or omissions on the part of ASDC.

*        *        *

> Based on the foregoing, Travelers acknowledges that ASDC qualifies as
> an additional insured but only with respect to liability arising out of Gray
> Fox Flooring, LLC['s] acts or omissions.

Boyce Aff. Ex. 19.

The letter misstates the wording of the endorsement.  It also incorrectly applies the endorsement as a matter of law.  First, although the letter correctly refers to the "arising out of" language of the endorsement, it links those words to GrayFox's "acts or omissions."  However, the endorsement does not refer to "acts or omissions" (which is negligence/tort terminology).  It refers to liability arising out of GrayFox's "work" or "ongoing operations."  Travelers is therefore interpreting its endorsement to require a finding that GrayFox was negligent as if the endorsement were a "caused by" endorsement.  Travelers must of course provide the coverage set forth in its policy.  Under additional insured endorsements using the operative term "arising out of," considerations of negligence or fault are immaterial.  Additional insured coverage applies regardless of whether the additional insured was negligent, and regardless of whether the named insured was not.  Compare William Floyd School Dist. v. Maxner, 68 A.D.3d 982 (2d Dept. 2009); Lexington Ins. Co. v. Kiska Development Group LLC, 182 A.D. 3d 462 (1st Dept. 2020).

Travelers' position also disregards or mistakes the nature of additional insured coverage, at least under an endorsement as broad as the one at issue.  Additional insured coverage is a commercial agreement for one party's insurance to provide coverage for another without regard to tort.  Travelers emphasizes that GrayFox was not on site at the time of the accident, but whether GrayFox will be liable to Atlantic on an indemnification or contribution claim in the underlying Uzzilia action is a distinct claim from Atlantic's direct claim for coverage as an insured under the Travelers policy issued to GrayFox.  With respect to the latter claim, Atlantic and GrayFox are in essentially the same position with respect to Travelers.  Additional insured coverage is generally intended to provide the same protection for an additional insured as for the named insured.

13

See <u>Kassis v. The Ohio Casualty Ins. Co.</u>, 12 N.Y.3d 595 (2009).  Travelers' refusal to indemnify

Atlantic as an insured for reasons premised on negligence or fault conflates tort rights and contract

rights.  Here, GrayFox agreed to divert the tiles originally ordered for the Flatbush project.  It then

installed the replacement tiles delivered later delivered to Flatbush.  GrayFox kept the chain of

events within its scope of work for Atlantic.  Fault is irrelevant.

**2.      Travelers' Denial of Additional Insured Coverage Disregards the Scope of GrayFox's Work**

In addition to Travelers' incorrect negligence-based interpretation of its endorsement (or

part and parcel of it), Travelers refuses to indemnify Atlantic because GrayFox was not on site for

the delivery of the tiles involved in the accident.  However, Travelers disregards the material fact

that the tiles were for GrayFox's scope of work and were in fact installed by GrayFox (inclusive

of its sub-subcontractors).

The Travelers additional insured endorsement applies to liability arising out of GrayFox's

"work."  The Travelers endorsement expressly incorporates the near-universal definition of "your

work" found in CGL policies:

"Your work":

a.      Means:

(1)      Work or operations performed by you or on your
behalf; and

(2)      Materials, parts or equipment furnished in connection
with such work or operations.

b.      Includes:

(1)      Warranties or representations made at any time with
respect to the fitness, quality, durability, performance or
use of "your work"; and

(2)      The providing of or failure to provide warnings or
instructions.

Boyce Aff. Ex 15 (CG 00 01 10 01).

Consistent with the standard CGL definition of "your work" as including the named insured's materials, this Court has recognized that involvement of a named insured's materials in an accident constitutes the insured's "ongoing operations" even if the insured was not on site or taking "action" at the time of the accident.  See E.E. Cruz, *supra*.  In E.E. Cruz, the Court described the insurer's rationale for denying additional insured coverage:

> Plaintiff next suggests TAP's "ongoing operations" only exist when some "action" is being taken by TAP—the implication being that any occurrence taking place when action is not being taken cannot be covered under the terms of the relevant endorsement.

Id. at 409.  However, citing the inclusion of "materials" in the definition of "your work," the Court rejected this argument:

> "[O]ngoing operations" encompasses all performance under the Contract that occurs prior to the completion of the contracted work. If the Court were to adopt plaintiff's proposed interpretation of the term, coverage for the City would start and stop depending on whether individuals employed by TAP or its subcontractors were physically on site taking some form of "action"—but it is unclear how one would determine what type of "action" is then sufficient to trigger coverage.

Id. at 410.

Likewise, looking specifically at the definition of "your work," the Court continued:

> The two part definition clearly equates "[w]ork or operations" and "[m]aterials, parts or equipment furnished in connection with such work or operations." In no way does it operate to imply the mutual exclusivity of the terms its [*sic*] comprises. Indeed it is hard to comprehend how the definition could be interpreted to mean that "operations" cannot include "materials, parts, or equipment" when the term "work" is paired with the term "operations" in the first numbered part of the definition, and the term "Your work"—which is being defined—explicitly does mean "[m]aterials, parts or equipment furnished in connection with such work or operations" under the second part of the definition.

Id. at 410-411.

15

Here, because the tiles at issue were on site for GrayFox's scope of work to install them, and because GrayFox did indeed install the tiles, the accident arose out of GrayFox's ongoing operations for purposes of additional insured coverage as a matter of law.  See E.E. Cruz ("The presence of TAP's equipment and installed and uninstalled electrical components at the job site is part of the performance of TAP's obligation to provide and install electrical systems and components for the Project under the Contract, and therefore integral to TAP's "ongoing operations performed for [the City].").  The fact that GrayFox was not also on site at the time of the accident is immaterial.  Cf. Daily News, LP v. OCS Security, Inc., 280 A.D.2d 576 (2d Dept. 2001); Consolidated Edison Co. of New York, Inc. v. U.S. Fidelity & Guaranty Co., 263 A.D.2d 380 (1st Dept. 1999); Nuzzo v. Griffin Technology Inc., 222 A.D.2d 184 (4th Dept. 1996).

## CONCLUSION

For all of the foregoing reasons, Atlantic's motion for summary judgment declaring that Travelers must indemnify Atlantic in the underlying Uzzilia action as an additional insured under the Travelers policy issued to GrayFox must be granted.

Dated:  October 21, 2022                    Respectfully submitted,


                                            DELAHUNT LAW PLLC


                                            By:   _____s/_____
                                                  Timothy E. Delahunt
                                                  Bar Roll. No. TD-2791
                                                  *tdelahunt@delahuntpllc.com*

                                            295 Main Street
                                            Suite 836
                                            Buffalo, New York 14203
                                            Tel.: (716) 878-9178

                                            *Attorneys for plaintiff*
                                            *Atlantic State Development Corp.*

16