UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===================================

ATLANTIC STATE DEVELOPMENT CORP.,

        Plaintiff,                    Civ. Action No.:
                                                 1:21-cv-09670-DLC

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

        Defendant.

===================================

**LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF
ATLANTIC STATE DEVELOPMENT CORP.'S
MOTION FOR SUMMARY JUDGMENT**

      Plaintiffs Atlantic State Development Corp. ("Atlantic") submits the following statement pursuant to Local Rule 56.1 in support of its Motion for Summary Judgment:

      1.      The underlying action captioned Uzzilia v. Jo-Tone Carpet, Inc., *et al.* (New York Sup. Ct. Bronx Co., Index No. 23858/2016E) arises out of an alleged accident in the course of a project to "build out" a Blink Fitness facility at 833 Flatbush Avenue in Brooklyn.  See Boyce Aff. Ex. 4; Ex. 13.[*]

      2.      Pursuant to a contract dated April 17, 2013, Blink 833 Flatbush Inc. d/b/a Blink Fitness ("Blink Fitness") retained Atlantic to be the general contractor for the project.  See Boyce Aff. Ex. 1.

      3.      Atlantic subcontracted with GrayFox Flooring LLC ("GrayFox") for the supply and installation of the flooring for the project.  The contract documents include a signed proposal from

---

[*]      All references to the "Boyce Aff." are to the October 19, 2022 Affidavit of Christopher Boyce in Support of Atlantic State Development Corp.'s Motion for Summary Judgment, and the exhibits thereto.

GrayFox to Atlantic, and an accompanying purchase order from Atlantic to GrayFox.  See Boyce Aff. Ex. 2; Ex. 3.

4. The scope of GrayFox's work included the supply and installation of luxury vinyl tile.  See Boyce Aff. Ex. 2.

5. The purchase order required GrayFox to procure commercial general liability insurance with Atlantic as an additional insured on a primary and non-contributory basis. See Boyce Aff. Ex. 3.

6. The underlying accident occurred on July 12, 2013.  Underlying plaintiff Nicholas Uzzilia ("Uzzilia") was at the Flatbush project site in the course of his employment as Atlantic's supervisor.  See Boyce Aff. Ex. 4; Ex. 5; Ex. 6.

7. GrayFox worked on the project from approximately mid-June 2013 to mid-September 2013.  See Boyce Aff. Ex. 7 at 16.

8. GrayFox's work included the supply and installation of luxury vinyl tile.  Id. at 24.

9. The tiles were purchased by GrayFox from the manufacturer, Mannington Mills, Inc. ("Mannington").  Id. at 63-64; Boyce Aff. Ex. 8 (pages 1 and 2): Ex. 9 (pages 4, 7, 8).

10. GrayFox used three sub-subcontractors for the work – JoTone Carpet Inc. ("Jo-Tone"), Exchange Floors LLC ("Exchange"), and Emerald Carpet ("Emerald").  See Boyce Aff. Ex. 7 at 28-29.

11. JoTone was hired to receive, deliver, and install the luxury vinyl tile (approximately 90 boxes).  Id. at 31, 57.

12. Exchange and Emerald provided additional labor.  Id. at 31-33.

13. Blink Fitness requested that the luxury vinyl tiles that were purchased by GrayFox from Mannington for the Flatbush product be diverted to a separate build-out for a Blink Fitness in White Plains. Id. at 34-35, 41-43.

14. Blink Fitness made the request due to exigencies with the White Plains project. Id.

15. The tiles for the Flatbush project could be re-ordered and installed later. Id.

16. GrayFox agreed to the request, and arranged for Jo-Tone to deliver the tiles to White Plains from Jo-Tone's warehouse. Id.

17. Jo-Tone invoiced GrayFox for the re-routed delivery of the tiles to White Plains and the cancellation of the scheduled labor at Flatbush. Id. at 44-45; Boyce Aff. Ex. 10.

18. GrayFox, in turn, invoiced Atlantic for those charges. See Boyce Aff. Ex. 7 at 45; Ex. 11.

19. GrayFox also issued a change order to Atlantic. See Boyce Aff. 7 at 46; Ex. 12.

20. GrayFox's invoice included a markup from the Jo-Tone invoice to GrayFox. See Boyce Aff. Ex. 7 at 50-52.

21. The replacement tiles that were delivered to Flatbush were installed by GrayFox (inclusive of its sub-subcontractors). See Boyce Aff. Ex. 7 at 65-69, 73-74, 87-88.

22. The associated documents include GrayFox's purchase order/labor ticker to JoTone (see Boyce Aff. Ex. 9 at page 19), JoTone's invoice to GrayFox (id. at 14), Emerald's invoice to GrayFox (id. at page 15), and Exchange's invoices to GrayFox (id. at pages 17 and 18).

23. The Uzzilia action was originally filed on June 7, 2016, with GrayFox being named as one of several defendants. The operative amended complaint in Uzzilia was filed on July 8, 2016. See Boyce Aff. Ex. 13.

24. The underlying amended complaint refers to Atlantic as the "employer." Id. at ¶ 16.

25. The underlying amended complaint alleges, in part:

> Prior to July 12, 2013, EMPLOYER sub-contracted with defendant GRAY FOX FLOORING LLC to perform construction work at the CONSTRUCTION SITE.

Id. at ¶ 27.

26. The underlying amended complaint also alleges that GrayFox "managed," "operated," "maintained," and "controlled" the construction site. Id. at ¶¶ 36, 44, 52.

27. The complaint also alleges that GrayFox "supervised the sub-contractors and their workers who were working at" the site. Id. at ¶ 72. The complaint further alleges:

> 83. On July 12, 2013, plaintiff NICHOLAS UZZILIA was employed by EMPLOYER, to perform construction work on the CONSTRUCTION SITE.
>
> 84. On July 12, 2013, the plaintiff, NICHOLAS UZZILIA, was performing construction, demolition, alteration and/or repair work at the aforesaid CONSTRUCTION SITE.
>
> \* \* \*
>
> 91. Defendant, GRAY FOX FLOORING LLC, had a duty to maintain, inspect and assure that the loads of tiles being delivered and used in construction were reasonably secured and safe for delivery, hoisting and transporting.
>
> \* \* \*
>
> 94. On July 12, 2013, the plaintiff, NICHOLAS UZZILIA, was working at the CONSTRUCTION SITE when a load of tiles fell from an secured safety device and struck his body, causing the plaintiff, NICHOLAS UZZILIA, to sustain serious personal injuries.

Id.

28. On December 23, 2020, Blink Fitness impleaded Atlantic in <u>Uzzilia</u> by way of a third-party complaint. The third-party complaint asserts, *inter alia*, a cause of action for indemnification pursuant to the Blink Fitness-Atlantic contract. See Boyce Aff. Ex. 14.

29. The insurance policy at issue is a policy issued by defendant Travelers Casualty Insurance Company of America ("Travelers") to GrayFox that includes commercial general liability coverage in effect on the date of the underlying accident. See Boyce Aff. Ex. 15.

30. The policy contains the endorsement titled "Blanket Additional Insured – Owners, Lessees or Contractors," which states, in part:

> WHO IS AN INSURED (SECTION II) is amended to include as an insured any person or organization (called hereafter "additional insured") whom you have agreed in a written contract, executed prior to loss, to name as additional insured, but only with respect to liability arising out of "your work" or your ongoing operations for that additional insured performed by you or for you.

Boyce Aff. Ex. 16.

31. On March 18, 2021, Mt. Hawley Insurance Company ("Mt. Hawley"), on behalf of Atlantic, issued a letter to GrayFox (and copying Travelers) demanding, in relevant part, that Travelers defend and indemnify Atlantic in <u>Uzzilia</u> as an additional insured under the policy issued to GrayFox. See Boyce Aff. Ex. 17.

32. On March 31, 2021, Travelers issued a letter in response refusing to defend or indemnify Atlantic in <u>Uzzilia</u>. See Boyce Aff. Ex. 18.

33. The letter sets forth the blanket additional insured endorsement set forth above. The letter states:

> ASDC does not qualify as an additional insured pursuant to CG D1 05 04 94, since the evidence presented in discovery shows that this did not arise out of Gray Fox Flooring, LLC's work or any ongoing operations performed by Gray Fox Flooring, LLC.

\* \* \*

> As alleged in your tender letter, ASDC entered into a purchase order with Gray Fox. However, it is clear from the evidence and is not in dispute that the tile delivery pursuant to the purchase order was rerouted to a Blink Gym location in White Plains. Plaintiff was later injured when the replacement tiles were being delivered.
>
> \* \* \*
>
> We refer you to the deposition testimony and affidavit of Bruce Larsen. Mr. Larsen has testified and affirmed that Gray Fox had nothing to do with the replacement tile delivery that were involved in Plaintiff's incident. Gray Fox did not order, manage, supervise, perform or control the tile delivery involved in Plaintiff's alleged incident.
>
> \* \* \*
>
> Based on the above we have determined Travelers have no duty to defend and/or obligation to indemnify ASDC in this matter pursuant to said Agreement as it is our position that there is no indication that our insured, Gray Fox Flooring, LLC, was in any way at fault or holds any negligence for this alleged incident and injury. There is no determination of active negligence on our insured and the underlying investigation does not show that the full liability for this incident will be borne by our insured. There is no evidentiary basis, at this point, to assume the Defense and Indemnification of any tendering party based upon an analysis of ultimate liability. Therefore, we deny your request for defense and indemnification based on your contractual claim.

Id.

34. On April 28, 2021, Travelers issued a letter partially amending its refusal to defend and indemnify Atlantic in Uzzilia as an additional insured. See Boyce Aff. Ex. 19.

35. Travelers agreed to defend Atlantic, but maintained its refusal to indemnify Atlantic. The letter states:

> This letter serves to acknowledge our further review of your tender letter dated March 18,2021 in reference to the above captioned matter. After analyzing the allegations pled against Atlantic State Development Corp ("ASDC") and in further review of the Additional Insured endorsement contained within Travelers Casualty Insurance Company of America ("Travelers") policy, we will agree to defend ASDC in this action as an additional insured subject to a full reservation of rights and partial disclaimer. For the reasons set forth below, Travelers will provide ASDC with this defense subject to the terms and conditions of the policy and reservation of rights and partial disclaimer, which is explained below.

Id.

  36. The letter again sets forth the blanket additional insured endorsement in the Travelers policy. The letter then states:

> Based upon a review of the insurance requirements outlined in the contract agreement between Gray Fox Flooring, LLC and Atlantic State we have determined that ASDC does qualify as an additional insured pursuant to the above endorsement. Please note the additional insurance coverage provided applies only with respect to liability arising out of Gray Fox Flooring, LLC's acts or omissions and does not provide coverage for any independent acts or omissions on the part of ASDC.
>
>       \*   \*   \*
>
> Based on the foregoing, Travelers acknowledges that ASDC qualifies as an additional insured but only with respect to liability arising out of Gray Fox Flooring, LLC['s] acts or omissions.

Id.

  37. On June 9, 2020, the Uzzilia court issued a Decision and Order denying GrayFox's motion for summary judgment dismissing all claims and cross-claims against it. See Boyce Aff. Ex. 4.

Dated:  October 21, 2022       Respectfully submitted,

               DELAHUNT LAW PLLC

               By: _____s/_____
                   Timothy E. Delahunt
                   Bar Roll. No. TD-2791
                   *tdelahunt@delahuntpllc.com*

               295 Main Street
               Suite 836
               Buffalo, New York 14203
               Tel.: (716) 878-9178

               *Attorneys for plaintiff*
               *Atlantic State Development Corp.*