```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
ATLANTIC STATE DEVELOPMENT CORP.,         :   21cv9670 (DLC)
                                          :
                          Plaintiff,      :   OPINION AND ORDER
                -v-                       :
                                          :
TRAVELERS CASUALTY INSURANCE COMPANY      :
OF AMERICA,                               :
                                          :
                          Defendant.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Timothy Erin Delahunt
Delahunt Law PLLC
295 Main Street, Ste 836
Buffalo, NY 14203

For the defendant:
Brent Shelbin Usery
Tung Sing Wong
Usery & Associates
485 Lexington Avenue, 7th Floor
New York, NY 10017

DENISE COTE, District Judge:

Atlantic State Development Corp. ("Atlantic") moves for summary judgment, seeking a declaration that defendant Travelers Casualty Insurance Company of America ("Travelers") has a duty to indemnify it in an underlying lawsuit pending in New York state court. Travelers has cross-moved for summary judgment. For the following reasons, Atlantic's motion is granted.

1

**Background**

The following facts are taken from the evidence submitted in connection with the summary judgment motions. The facts are undisputed or taken in the light most favorable to Travelers unless otherwise noted.

I.   Factual Background

This dispute emerges from a July 12, 2013, construction accident. Blink Fitness had hired Atlantic as the general contractor to build out a Blink Fitness gym at 833 Flatbush Avenue in Brooklyn (the "Flatbush Project"). Nicholas Uzzilia, an Atlantic employee, was injured when boxes of vinyl tiles fell on him as they were unloaded from a delivery truck at the site of the Flatbush Project. The tiles were intended to be installed as part of the Flatbush Project.

By written agreement dated March 19, 2013, Atlantic subcontracted with GrayFox Flooring LLC ("GrayFox") for the supply and installation of the flooring for the Flatbush Project. The scope of GrayFox's work included the "supply and install[ation of] luxury vinyl tile." The written agreement between Atlantic and GrayFox required GrayFox to procure a commercial general liability ("CGL") insurance policy naming Atlantic as an additional insured. Accordingly, GrayFox obtained a CGL insurance policy from defendant Travelers, which named Atlantic as an additional insured (the "Policy").

The Policy provides that GrayFox's insurance covers Atlantic "only with respect to liability <u>arising out of</u> 'your work' or your ongoing operations for that additional insured performed by you or for you" (emphasis added) (the "Travelers AI Endorsement"). "Your work" is defined under the Policy as:

> (1) Work or operations performed by you or on your behalf; and
> (2) Materials, parts or equipment furnished in connection with such work or operations.

On June 24, 2013, GrayFox purchased luxury vinyl tiles for the Flatbush Project from the manufacturer, Mannington Mills, Inc. (the "Mannington Tiles"). The Mannington Tiles were scheduled to be delivered to the Flatbush Project site on July 1, 2013. Blink Fitness, however, requested that the Mannington Tiles be diverted to a separate gym build-out in White Plains, NY. GrayFox agreed to the request, and arranged for the tiles to be rerouted to the White Plains site. At some point thereafter, replacement tiles were ordered for the Flatbush Project.

The underlying accident occurred on July 12, 2013, as the replacement tiles were being delivered to the Flatbush Project. Uzzilia was at the Flatbush Project site in the course of his employment as Atlantic's supervisor at the site. Uzzilia was injured when the replacement tiles fell from the delivery truck and struck his body. It is undisputed that GrayFox did not

3

order or deliver the replacement tiles that injured Uzzilia, and that GrayFox was not on site at the time of the accident. It remains undetermined who ordered and delivered those tiles. It is undisputed, however, that the replacement tiles were subsequently installed by GrayFox pursuant to its March 19, 2013 subcontract with Atlantic.

On June 7, 2016, Uzzilia filed suit in New York state court against GrayFox, Blink Fitness, and several other defendants, asserting claims in negligence, under N.Y. Labor Law §§ 200, 240(1), and 241(6) (the "Underlying Action"). On December 23, 2020, Blink Fitness impleaded Atlantic.

II. Procedural History

Atlantic brought this suit on September 29, 2021, in New York state court, seeking a declaration that Travelers has a duty to indemnify Atlantic in the Underlying Action. The case was removed to the Southern District of New York on November 22 and was reassigned to this Court on August 17, 2022. By letter dated September 2, the parties confirmed discovery was complete. Atlantic moved for summary judgment on October 21. Travelers cross-moved for summary judgment on November 22. The motions became fully submitted on January 13, 2023.

## Discussion

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted). Material facts are facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

The parties agree that New York law governs this dispute. Under New York law, an insurance company has a duty to indemnify "when the underlying occurrence falls within the scope of coverage afforded by the particular insurance policy at issue." One Reason Rd., LLC v. Seneca Ins. Co., Inc., 83 N.Y.S.3d 235, 239 (2d Dep't 2018). An insurance contract is interpreted "to give effect to the intent of the parties as expressed in the

5

clear language of the contract." Dish Network Corp. v. Ace Am. Ins. Co., 21 F.4th 207, 211 (2d Cir. 2021) (citation omitted). "Unambiguous provisions of an insurance policy are to be given their plain and ordinary meaning, and the plain and ordinary meaning of words may not be disregarded to find an ambiguity where none exists." Id. (citation omitted); see also Jin Ming Chen v. Ins. Co. of the State of Pa., 36 N.Y.3d 133, 138 (2020). "A contractual term is ambiguous if reasonable minds could differ as to the meaning of the term." Dish Network Corp., 21 F.4th at 211 (citation omitted).

The Travelers AI Endorsement at issue here provides that Atlantic is an additional insured under the Policy only with respect to "liability arising out of '[GrayFox's] work' or [Grayfox's] ongoing operations" (emphasis added). GrayFox's work is further defined as work performed "on your behalf" and materials "furnished in connection with" your work. New York courts interpret the phrase "arising out of" in an additional insured clause to mean "originating from, incident to, or having connection with." Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 568 (2d Cir. 2011) (citation omitted). It requires "only that there be some causal relationship between the injury and the risk for which coverage is provided." Id.; see also Burlington Ins. Co. v. NYC Transit Auth., 29 N.Y.3d 313, 324-25 (2017) (explaining that "arising out of" is not the functional

equivalent of "proximately caused by").

Travelers has a duty to indemnify Atlantic for damages assessed against Atlantic in the Underlying Action. The delivery of the tiles to the Flatbush Project, and Uzzilia's resulting injury, are unquestionably connected to GrayFox's work: GrayFox was employed to "supply and install luxury vinyl tiles" at the Flatbush Project, GrayFox did purchase and arrange for the delivery of the Mannington Tiles to the Flatbush Project, and GrayFox installed the replacement tiles at the Flatbush Project after the Mannington Tiles were sent elsewhere. It is undisputed that the injury occurred as the replacement tiles were being delivered to the Flatbush Project. These facts establish that Uzzilia's injury arose out of the contractual scope of GrayFox's work.

Travelers argues that it has no duty to indemnify Atlantic because there has not yet been any factual determination in the Underlying Action as to GrayFox's role in the injury, GrayFox did not purchase or deliver the replacement tiles that caused Uzzilia's injury, and GrayFox was not on site at the time of the accident. The focus of the inquiry, however, "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained." Worth Const. Co. v. Admiral Ins. Co., 10 N.Y.3d 411, 415 (2008) (citation omitted). "[T]he minimum causal relationship between

the injury and the risk for which coverage is provided," Fed. Ins. Co., 639 F.3d at 570, is more than present here: GrayFox was contractually obliged to supply and install the flooring at the Flatbush Project, and therefore the delivery of the replacement tiles was integral to GrayFox's work on the Flatbush Project, as required by the Travelers Policy. Under the Policy, the injury "ar[ose] out of" GrayFox's work, and as such, Travelers is required to indemnify Atlantic in the Underlying Action.

## Conclusion

Under the unambiguous terms of the Policy, Travelers must indemnify Atlantic in the Underlying Action. The plaintiff's October 21, 2022 motion for summary judgment is granted, and the defendant's November 22, 2022 motion for summary judgment is denied. The Clerk of Court shall enter judgment for the plaintiff and close the case.

Dated:   New York, New York
         April 13, 2023

                                          _____
                                                  DENISE COTE
                                          United States District Judge